ANTOLINA GAJERO, Plaintiff and Appellee, *v.* ENRIQUE VALEDÓN and RAMÓN BAUZÁ, Defendants and Appellants.

No. 8108. Argued February 19, 1941.—Decided February 28, 1941.

*E. Huertas Zayas,* for appellants; *R. Atiles Moréu,* for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

In a suit before the District Court of Ponce for the collection of a mortgage credit by the ordinary procedure, the attachment of three farms belonging to the defendant Enrique Valedón was ordered. One of these, of 203 cuerdas, was situated in the wards of Rucio and Tallaboa Alta, of Peñuelas; another of 18 cuerdas and the last of 13 cuerdas, were both situated in the ward Rucio of the same municipality. After the attachment the same court ordered the properties turned over to a receiver and later it included in the attachment and receivership another property of 10 cuerdas situated in the same ward.

When the receiver went to take possession of the properties the defendant Valedón refused to give him possession of the farms of 13 and 10 cuerdas, alleging that they did not belong to him, because he had conveyed them to his brother-in-law Ramón Bauzá. On April 30, 1938, the marshal delivered possession of the four attached properties to the receiver.

On May 5, 1938, the plaintiff filed a motion in which she alleged that on the first day of the same month, Valedón and Bauzá entered the farms of 13 and 10 cuerdas, and disregarding the order by virtue of which the receiver was given possession, challenged him and threatened to kill him, and attempted to take from him the oranges which he was collecting, which they could not do because said officer defended himself; that after the oranges had been sold by the receiver Valedón

and Bauzá threatened the purchaser saying that they would take them away from him if he did not pay them the value of the same; that the purchaser Pietrantoni paid Bauzá $13 obtaining a receipt from him; that said Valedón and Bauzá have entered into the farms several times threatening the receiver, the former with a rifle and the latter with a revolver and a machete.

The lower court issued an order to show cause why the defendants should not be punished for contempt. The defendant Valedón appeared and denied that he had taken part in any act whatsoever to hinder the carrying out of the order of the court. He also alleged in his answer that he has not molested Bauzá in the exercise of his rights as owner of the property of 23 cuerdas which bounds with properties belonging to him and attached by the plaintiff; that the attachment cannot include the property of 23 cuerdas of Bauzá who acquired said property from Gloria Renta who in turn had purchased it from the defendant Valedón in 1934; that the oranges to which reference has been made were collected on the property of 23 cuerdas belonging to Bauzá who collected their value; that when the marshal delivered possession to the receiver of the four attached properties he did not and could not have included the property of Bauzá.

The case was heard and the lower court found both defendants guilty of contempt and ordered each to pay a fine of $25 or to serve 25 days in jail and also ordered each to pay one-half the costs.

The first alleged error on which this appeal is based is that the district court condemned Bauzá without having acquired jurisdiction over his person. From the record it appears that Bauzá was notified to appear and show cause; that he appeared at the hearing, accompanied by his attorney; that he presented evidence in his defense and that he cross-examined the witnesses of the plaintiff. Bauzá did not have to be a party to the suit for the court to acquire juris-

diction over him and punish him for the contempt committed in disobeying an order of the court and in threatening one of its officers. The court .acted with full jurisdiction over the person of Bauzá.

The other two alleged errors refer to the weighing of the evidence as made by the judge of the lower court. The latter stated that the evidence presented by the plaintiff upheld all the facts alleged in the petition for a ruling to show cause for contempt. We have examined the transcript of the evidence and in our opinion it is sufficient to sustain the conclusions reached by the lower court. Even assuming that Bauzá were the owner of the property of 23 cuerdas which was placed in the possession of the receiver by order of the court, his condition as ejected owner did not give him the right to recover the lost possession by taking the law in his own hands and through force. In so doing he was guilty of contempt.

The motion filed in this court by the plaintiff-appellee—in which he states that the suit has ended and the properties attached have been adjudicated to her and that as plaintiff she no longer has any interest in the affirmance of the judgment—cannot affect in any manner whatsoever our decision in the present appeal. The judgments of a court of law cannot be reversed or affirmed by stipulation of the parties litigant. Our duty is to affirm or reverse them according to the merits of the case and without taking into consideration any interest which either of the litigants may have in the reversal or the affirmance.

The judgment must be affirmed.

Mr. Justice Todd, Jr., took no part in the decision of this case.